FILED
United States Court of Appeals
Tenth Circuit

July 18, 2017

Elisabeth A. Shumaker
Clerk of Court

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff - Appellee,<br><br>v.<br><br>GEORGE ANTHONY AUTOBEE,<br><br>    Defendant - Appellant. | No. 17-1082<br>(D.C. No. 1:16-CV-01526-LTB<br>and 1:05-CR-00054-LTB-1)<br>(D. Colo.) |

_____

**ORDER**
_____

Before **PHILLIPS**, **McKAY**, and **McHUGH**, Circuit Judges.
_____

    This matter is before us on Appellant George Autobee's *Unopposed Motion for 14-Day Extension of Time to File Petition for Panel Rehearing*.

    Under Federal Rule of Appellate Procedure 40(a)(1), a party may file a petition for panel rehearing in most cases, including criminal cases, within 14 days after entry of judgment. But in a civil case, when the United States is a party, the time to petition for rehearing is 45 days. Fed. R. App. P. 40(a)(1)(B).

    We entered our Order Denying Certificate of Appealability in this 28 U.S.C. § 2255 appeal on July 6, 2017. Assuming that the 14-day period applies, Appellant

requests an extension of time to file a petition for panel rehearing from July 20, 2017, to August 3, 2017.

There is no question that the United States is a party to the litigation. The question is only whether a § 2255 proceeding is a civil case for purposes of Rule 40. This court has not specifically decided this question. At least one of our sister circuits has assumed that the 45-day period applies. *See Kusay v. United States*, 62 F.3d 192, 193 (7th Cir. 1995) (noting the extra time to seek rehearing in a § 2255 appeal because it involves civil litigation to which the United States is a party). We have said that § 2255 proceedings are civil for purposes of the time to appeal under Federal Rule of Appellate Procedure 4. *United States v. Pinto*, 1 F.3d 1069, 1070 (10th Cir. 1993); *see also* Rules Governing § 2255 Proceedings, Rule 11(b) ("Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules."); Rule 11(b) advisory committee's note to 1979 amendment.[1]

We see no sound legal basis to treat a § 2255 proceeding as civil for purposes of calculating a deadline under one rule of appellate procedure but as criminal for purposes of calculating a deadline under another rule. Accordingly, we conclude that § 2255 proceedings are civil cases for purposes of Rule 40. As a result, the time to petition for

---

[1] The rules governing proceedings in the United States District Courts under 28 U.S.C. § 2255, as approved by the Judicial Conference of the United States, were prescribed by the United States Supreme Court and transmitted to Congress pursuant to 18 U.S.C. §§ 3771, 3772, and 28 U.S.C. § 2072, by order dated April 26, 1976.

rehearing is 45 days and Appellant's motion is denied as unnecessary.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk